IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


IZELLE DAVIS,

                        Petitioner,

      v.                                    CASE NO. 09-3174-SAC

RAY ROBERTS, et al.,

                        Respondents.


### MEMORANDUM AND ORDER

Izelle Davis is a prisoner incarcerated in Kansas, serving a 206 month prison term. He alleges constitutional error in that state court proceeding, and proceeds pro se in seeking a writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed all pleadings and the state court record provided by respondents, the court denies the petition.

### *Davis' Convictions and Habeas Grounds*

Four victims in an armed intrusion into their residence viewed police photo arrays and identified Davis and Arlando Latham as the perpetrators. A jury convicted Davis on two counts of aggravated robbery, one count of aggravated burglary, and one count of aggravated assault. The Kansas Court of Appeals affirmed the convictions and the sentence imposed.[1] Davis thereafter sought

---

[1] *State v. Davis*, 118 P.3d 715, 2005 WL 2138739 (Kan.App. September 2, 2005)(unpublished), *rev. denied* (December 20, 2005)("*Davis I*").

post-conviction relief under K.S.A. 60-1507, alleging he was denied effective assistance of trial counsel. The state district court denied the motion without conducting an evidentiary hearing. The Kansas Court of Appeals upheld that decision.[2]

In seeking federal habeas corpus relief under § 2254, Davis asserts six grounds. First he claims the State made racially motivated peremptory challenges to strike four potential jurors of African American descent. Second, he claims the trial court unconstitutionally used Davis' juvenile adjudications to increase Davis' criminal history score for purposes of sentencing. Third, Davis claims the victims' identifications of him were not credible or reliable because the photo array shown to them was unnecessarily suggestive. Fourth, Davis claims insufficient evidence supported his convictions. Fifth, Davis alleges five claims of ineffective assistance of trial counsel. And sixth, Davis claims cumulative error denied him a fair trial.

### *The Federal Court's Review under § 2254*

Under 28 U.S.C. § 2254(d) as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, federal habeas relief is unavailable on any claim adjudicated on its merits in state court absent a showing the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence

---

[2]*Davis v. State*, 194 P.3d 57, 2008 WL 4710680 (Kan.App. October 24, 2008)(unpublished), *rev. denied* (February 12, 2009)("*Davis II*").

presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). *See Williams v. Taylor*, 529 U.S. 362 (2000)(stating federal habeas court's review under § 2254 as limited by AEDPA); *Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir.2004).

A decision is "contrary to" clearly established federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from" the result reached by the Supreme Court. *Williams*, 529 U.S. at 405-06. This deferential standard allows relief only where the decision of the state court is "diametrically different" and "mutually opposed" to the Supreme Court decision itself. *Id*. at 406.

A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

Under § 2254(d)(2), a writ of habeas corpus should be granted only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v.*

*Landrigan*, 550 U.S. 465, 473 (2007).  A federal habeas court also must presume the state court's factual findings to be correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Batson Challenge to Prosecutor's Peremptory Strikes*

Davis first contends the prosecutor's use of peremptory strikes against four black prospective jurors violated *Batson v. Kentucky*, 476 U.S. 79 (1986), wherein the United States Supreme Court held that the Equal Protection Clause prohibited parties from exercising peremptory challenges to exclude potential jurors on the basis of race, ethnicity, or sex.  *Id*. at 88-89; *Rivera v. Illinois*, 556 U.S. 148, 161 (2009).

A court's evaluation of a *Batson* challenge requires a three part inquiry:

> First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race.  Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Although the prosecutor must present a comprehensible reason, the second step of this process does not demand an explanation that is persuasive, or even plausible; so long as the reason is not inherently discriminatory, it suffices. Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination.  This final step involves evaluation the persuasiveness of the justification proffered by the prosecutor, but the ultimate burden of persuasion regarding racial motivation rests with, and never shifts

from, the opponent of the strike."

*Rice v. Collins*, 546 U.S. 333, 338 (2006)(citations and quotation marks omitted). A federal habeas court can grant relief under § 2254 "only ... if it was unreasonable to credit the prosecutor's race-neutral explanation for the *Batson* challenge." *Id.*

In the present case, Davis is an African American male, and no African American juror was seated in his trial. His defense counsel challenged the prosecutor's peremptory strikes of four potential jurors of African American heritage. When the trial court required race neutral justifications for each of the challenged strikes, the prosecutor identified each of the four jurors as being young and/or the victim of a crime that remained unsolved or was either not reported or investigated. The trial court found the race neutral reason offered by the prosecutor for each strike was sufficient to overcome Davis' *Batson* challenge.

The Kansas Court of Appeals examined the reasons for each strike challenged by Davis as racially motivated and upheld the trial court's decision. The state appellate court found the State's race-neutral explanations were facially valid, and "[n]o discriminatory intent has been shown to be inherent in the State's explanation for striking the four prospective jurors." *Davis I* at *1.

This court reviews the state appellate court's decision to determine whether it was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). *See Sallahdin v. Gibson*, 275 F.3d 1211,

5

1225 (10th Cir.2002)("The disposition of a *Batson* claim is a question of fact subjected to the standard enunciated in 28 U.S.C. § 2254(d)(2).").

Here, the Kansas Court of Appeals examined the peremptory strikes challenged by Davis and rejected Davis' *Batson* claim, finding no showing of discriminatory intent by the prosecutor in striking the prospective jurors. Specifically, the state appellate court noted that two jurors were struck because they had been victims of crimes that were either unreported or never investigated; two jurors were struck as young; and one juror was struck because he was the victim of a crime in which no one was arrested, he reported late for jury duty, and he owned rental property near the crime scene in Davis' case. *Davis I* at *1. Stating that "age-based peremptory strikes do not touch a 'cognizable group' for purposes of a *Batson* challenge," the Kansas Court of Appeals also rejected Davis' claim that the State unlawfully discriminated by striking jurors based on their age. *Id*.

The court finds this was not an unreasonable determination of the facts, and the basis for each peremptory strike is clearly established in the record. Nor was the state appellate court's decision contrary to, or involve an unreasonable application of, the governing legal rule in *Batson,* where the Kansas Court of Appeals carefully analyzed the prosecution's peremptory strikes, identified race neutral reasons for the prosecutor's challenge to each of the prospective jurors, and found no purposeful racial discrimination. *See also U.S. v. Helmstetter*, 479 F.3d 750, 753-54 (10th

Cir.2007)(joining all circuit courts that have addressed the issue in not extending *Batson* to age-based peremptory strikes). Davis is thus entitled to no relief on this claim.

### *Use of Juvenile Adjudications in Davis' Criminal History*

Davis claims the use of his juvenile adjudications to determine his criminal history for the purpose of sentencing violated the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requiring sentence-enhancing factual findings to be admitted by the defendant or submitted to a jury.[3] The Kansas Court of Appeals rejected this claim, citing controlling Kansas Supreme Court precedent.

The Kansas Supreme Court has held that the state court's use of prior juvenile adjudications to enhance a defendant's Kansas sentence does not violate *Apprendi*. *State v. Hitt*, 273 Kan. 224, 236 (2002)("[j]uvenile adjudications are included within the historical cloak of recidivism" and are not required to be charged in an indictment or proven to a jury beyond a reasonable doubt before they can be used in calculating a defendant's criminal history score), *cert. denied*, 537 U.S. 1104 (2003); *State v. Fischer*, 288 Kan. 470, 475 (2009)(reaffirming *Hitt*); *Jones v. Roberts*, 2006 WL 2989237, *5 (D.Kan.2006)(unpublished).

The Supreme Court in *Apprendi* expressly recognized a narrow exception for "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490. Federal circuit courts disagree whether juvenile proceedings count as "prior convictions" for purposes of *Apprendi*'s

---

[3]*See Apprendi,* 530 U.S. at 488-89 (sentence-enhancing actual findings must be admitted by the defendant or submitted to a jury).

application, and the Tenth Circuit has not yet decided this question. *Gardner v. McKune*, 242 Fed.Appx. 594, 598 (10th Cir.2007)(unpublished), *cert. denied* 553 U.S. 1023 (2008). But courts in this district have held in unpublished decisions that given the narrow standard of review in habeas cases, enhancement of petitioner's sentence based on prior juvenile conviction is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *Id. See also Yates v. McKune*, 2007 WL 2155652, *7 (D.Kan.2007)("Without express guidance from Supreme Court precedent, this court does not find that the trial court's decision to use prior juvenile adjudications as a sentence enhancement was either 'contrary to' or an 'unreasonable application of" federal law.'"); *Jones v. Roberts*, 2006 WL 2989237, *5 (D.Kan.2006)(same); *Hernandez v. Bruce*, 2006 WL 314352, **3-4 (D.Kan.2006)(same).

Davis' request for habeas relief on this ground is denied.

### *Photo Array Identification*

Davis asked the trial court to suppress the eyewitness identifications by the three victims, claiming the photographic lineup was overly suggestive, and argued the admission of this evidence impaired his constitutional right to a fair trial. The trial court denied this request. The Kansas Court of Appeals upheld that decision, finding "nothing to indicate the phot lineup was impermissibly suggestive." *Davis I* at *2. The state appellate court further noted that Davis failed to challenge the in-court identification of either defendant, thus Davis failed to establish

any substantial likelihood of misidentification.  *Id.*

It is clearly established federal law that an out-of-court identification may violate a defendant's constitutional right to due process if it is impermissibly suggestive and taints a subsequent in-court identification.  *See Stovall v. Denno*, 388 U.S. 293 (1967), *overruled on other grounds by Griffith v. Kentucky*, 479 U.S. 314 (1987).  When the constitutionality of a photo array is challenged, the due process clause requires a two-pronged inquiry into whether the photo array was impermissibly suggestive, and if found to be so, then whether the identifications were nevertheless reliable in view of the totality of the circumstances.  *U.S. v. Sanchez*, 24 F.3d 1259, 1261-62 (10th Cir.1994)(citations omitted).  Because each prong involves a separate analysis, "it is only necessary to reach the second prong if the court first determines that the array was impermissibly suggestive."  *Id.* at 1262.

In the present case, the state appellate court found the photo array shown to the victims was not impermissibly suggestive, and further found the identification of Davis was reliable under the circumstances.  This court's independent review of the record fully supports these findings.  Accordingly, Davis is entitled to no relief on this claim.

### *Evidence Supporting Davis' Convictions*

Davis contends the evidence presented at his trial was constitutionally insufficient to support his conviction, pointing to alibi testimony by his cousin and the lack of physical evidence. The Kansas Court of Appeals rejected this contention, noting the

jury found the eyewitness testimony of the four victims to be more credible than Davis' alibi witness, and refusing to reweigh on appeal the credibility of witnesses. *Davis I* at *2.

The constitutional standard to be applied to his claim is whether upon the evidence produced for the record at trial any rational trier of fact could have found Davis guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Matthews v. Workman*, 577 F.3d 1175, 1183 (10th Cir.2009). The Supreme Court in *Jackson* "makes clear that it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 132 S.Ct. 2, 3-4 (2011). To obtain federal habeas relief, it must be shown that a state court decision rejecting a sufficiency of the evidence claim was objectively unreasonable. *Id*. at 4. The court finds Davis makes no such showing in this case.

### *Constitutional Right to Effective Trial Counsel*

Davis contends his trial counsel was ineffective because counsel failed to present additional alibi witnesses, consult an expert on eyewitness identifications, request severance from the trial of co-defendant Latham, challenge the identification by one of the victim eyewitnesses, or investigate the possibility that someone else named "JD" committed the crimes. Davis argued each of these claims in seeking an evidentiary hearing on his motion for post-conviction relief under K.S.A. 60-1507.

After a nonevidentiary hearing, the district court judge denied relief, finding no evidentiary hearing was required. Davis

appealed, arguing error in being denied an evidentiary hearing. The Kansas Court of Appeals conducted de novo review of the record on Davis' grounds of ineffective assistance of counsel, and found no error in the district court's denial of an evidentiary hearing. *Davis II* at 1-4.

The Sixth Amendment to the Constitution guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). To establish an ineffective assistance of counsel claim, it must be shown that counsel's performance was deficient, and that the deficient performance caused prejudice to the defendant. *Id*. at 687. In reviewing for deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In reviewing for prejudice, there must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the present case, the Kansas Court of Appeals referenced the familiar *Strickland* standard for proving a constitutional claim of ineffective assistance of counsel, addressed four of Davis' claims, and found the record conclusively demonstrated that Davis' post-conviction motion raised no claim warranting further evidentiary examination or relief.

Specifically, the Kansas Court of Appeals addressed and rejected Davis' first four grounds, finding: defense counsel made strategic decisions as to alibi or expert witness testimony, and no

prejudice could be established given the overwhelming eyewitness identification of Davis and his co-defendant; Davis suffered no prejudice from his trial not being severed from his co-defendant where there were no mutually exclusive or antagonistic defenses; and no merit to Davis' claim that counsel failed to investigate impeachment evidence regarding one victim's identification testimony. *Davis II* at 1-4.

This court's review of these state court determinations on the merits is deferential. The record clearly supports the state appellate court's assessment that these four allegations of ineffective assistance of counsel demonstrated no deficient performance by trial counsel or any prejudice to Davis. Finding no showing that the state appellate court's adjudication was contrary to, or an unreasonable application of federal law as determined by the Supreme Court to the facts, Davis is entitled to no relief on these specific allegations of ineffective assistance of trial counsel.

Davis also claims trial counsel failed to investigate a victim's eyewitness testimony that the masked person was someone the witness knew as "JD." The Kansas Court of Appeals did not address this fifth claim, noting that Davis "ha[d] abandoned his claim regarding an alternative perpetrator."[4]  *Davis II* at *1.

---

[4] Abandonment of this claim was understandable under the circumstances. It appears Davis initially advanced this claim on a misreading of the record as indicating an eyewitness victim recognized one of the armed intruders as "JD." Instead, the record reflects an officer testified at Davis' jury trial that one of eyewitness victims stated to the officer that the victim recognized

x

Accordingly, respondents contend federal habeas review of this claim is barred by Davis' procedural default in presenting this claim for state appellate review. The court agrees.

It is well established a state habeas petitioner must fully exhaust available state court remedies on each claim prior to seeking federal habeas relief under § 2254. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992). This court is not to review a state habeas petitioner's claim that was defaulted in state court on independent and adequate state procedural grounds "unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or demonstrate that the failure to consider his defaulted claim "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

No showing of "cause and prejudice" to excuse Davis' procedural default is established by his mere assertion that appellate counsel failed to argue this claim in Davis' post-conviction appeal. Moreover, Davis' misreading of the record regarding this claim defeats any suggestion that this particular allegation of ineffective assistance by trial counsel has any substance. Even if the claim were to be considered, it would not entitle Davis to federal habeas relief.

### *Cumulative Error*

---

Davis' features as someone who had been with another person known to the victim as "JD." *See* Trial Transcript, Record IV, p. 98.

In his direct appeal and in his appeal from the denial of post-conviction relief, Davis claimed without success that cumulative error denied him a fair trial.

Generally, cumulative error occurs when the "cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error." *Duckett v. Mullin*, 306 F.3d 982, 992 (10th Cir.2002)(quoting *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir.1990)). This analysis applies only where two or more actual errors are found. *Workman v. Mullin*, 342 F.3d 1100, 1116-17 (10th Cir.2003).

In the present case, the Kansas Court of Appeals found no error supported Davis' claim of cumulative error in his direct and post-conviction appeals. Having reviewed the entire record, the court finds these state appellate determinations did not constitute an unreasonable application of the cumulative-error doctrine, and did not involve an unreasonable determination of the facts presented in the state court proceedings. Davis is thus not entitled to federal habeas relief on this claim.

### *Motion for Evidentiary Hearing*

Davis filed a motion for an evidentiary hearing in federal court, claiming he was denied a full and fair hearing in his post-conviction proceeding on his allegations of ineffective assistance of counsel. The court denies this motion.

It is well established that "[t]he state courts are ... the final arbiters of when and how a state prisoner can obtain an

evidentiary hearing in their courts." *Boyle v. McKune*, 544 F.3d 1132, 1135-36 (10th Cir.2008). Here, the Kansas Court of Appeals expressly found none of Davis' claims warranted an evidentiary hearing.

Davis maintains, nonetheless, that because he was denied a full and fair evidentiary hearing in the state court to present evidence in support of his ineffective assistance of counsel claims, he is thereby entitled to an evidentiary hearing in federal court. Davis relies on language in a Tenth Circuit case requiring an evidentiary hearing "if a habeas applicant did not receive a full and fair hearing in a state court." *DeLozier v. Sirmons*, 531 F.3d 1306, 1328 (10th Cir.2008)(quoting *Townsend v. Sain*, 372 U.S. 293, 312 (1963)). However, the qualifying precursor to that passage requires that "the habeas applicant made the showing necessary to obtain an evidentiary hearing in the state court." *DeLozier*, 531 F.3d at 1328. Davis failed to make such a showing in the state court, thus this argument for an evidentiary hearing in federal court clearly fails.

Rather, because Davis' habeas petition is governed by AEDPA, to obtain an evidentiary hearing in federal court, Davis must be able to show "he was diligent in developing the factual basis for his claim in state court," and must assert "a factual basis that, if true, would entitle him to habeas relief." *Alverson v. Workman*, 595 F.3d 1142, 1163 (10th Cir.2010)(citing *Williams v. Taylor*, 529 U.S. 420, 429-31 (2000) and 28 U.S.C. § 2254(e)(2) as amended in 1996 by AEDPA). *See also Boyle,* 544 F.3d at 1136, n.2 (noting "the Kansas standard for an evidentiary hearing is nearly identical to the

federal standard"). Even if the diligence prong were to be assumed, the record makes plain that the second prong is not satisfied because Davis identifies no factual basis that would entitle him to relief under § 2254. *See also Schriro,* 550 U.S. at 474 (when state court record "precludes habeas relief" under deferential standards prescribed by § 2254(d), district court is "not required to hold an evidentiary hearing").

### *Conclusion*

As set forth herein, Davis makes no showing entitling him to federal habeas corpus relief on any of his grounds. The petition is thereby denied.

IT IS THEREFORE ORDERED that Davis' motion for an evidentiary hearing (Doc. 22) is denied, and that Davis' motion for a teleconference status hearing (Doc. 25) is denied as moot.

IT IS FURTHER ORDERED that the petition for habeas corpus relief under 28 U.S.C. § 2254 is denied.

**IT IS SO ORDERED.**

DATED: This 28th day of March 2012 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge